MAY GASKILL, APPELLANT, v. ADRIAN AND MARJORIE VAN RAVESTEYN, RESPONDENTS.

Submitted May 20, 1941—Decided September 19, 1941.

For the appellant, *Robert A. Lederer.*

For the respondents, *Cecil S. Ackerson* and *Herbert R. Rothenberg.*

The opinion of the court was delivered by

PARKER, J.   In this negligence suit the trial judge directed a verdict for defendants; and that direction is the sole ground of appeal.   We conclude that there was no error in the judicial action.

The defendants conducted a small country hotel and restaurant serving breakfast, luncheon, and dinner, the restaurant being open for dinner at 5:00 P. M.   According to the testimony for plaintiff, she and her party entered the room and were seated at a table about 5:30, and were then the only guests in the room.   Shortly afterwards, another party entered and were seated at another table.   After a few minutes, plaintiff, having recognized a friend in the second party, rose and crossed the room between other tables, to speak to this friend, and on the way slipped and fell, sustaining injury for which she sought to recover damages in this suit, charging that defendants "negligently and improperly left and

maintained a foreign substance upon the floor  *  *  *  and knew and ought to have known  *  *  *  of a foreign substance upon the floor  *  *  *."

The "foreign substance" was, according to the testimony, a celery leaf. The uncontradicted testimony was that no celery had been served since the previous evening, and that celery was not served except at the evening meal. There was no evidence to show that defendants or their servants knew it was there, or that it had been there long enough to be noticed and removed in the exercise of reasonable care. All that the evidence indicated was that it was bruised, as well it might be as a result of being trodden upon. The witness who testified that it was bruised, added, "it was not perfectly fresh." But this was a mere conclusion.

When plaintiff rested, defendants also rested, and the direction was moved and granted.

It is settled law in this state that "The power of a judge to order a nonsuit or direct a verdict, does not depend upon the absence of all testimony in opposition to the case in favor of which the ruling is made, but the test is whether there is any testimony from which the jury can reasonably conclude that the facts sought to be proven are established." *Pellington* v. *Erie Railroad Co.*, 115 *N. J. L.* 589. In that case there was a nonsuit. In *Baldwin* v. *Shannon*, 43 *Id.* 596, cited and relied on in many later cases, there was a directed verdict. The case at bar is clearly within the scope of those cases. The direction was right, and the judgment will accordingly be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.